UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Terry Doyle Anthony
Darnell Dumas-El,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Department of Corrections,
and David Valintine,

Defendants. Civ. No. 01-2115 (ADM/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of November, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

For reasons which follow, we recommend that the Complaint be dismissed, as frivolous, and the Plaintiff's Application to Proceed in forma pauperis be denied, as moot.

NOV 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

3

## II. Factual and Procedural Background

On November 19, 2001, the Plaintiff filed a Complaint with the Clerk of Court, together with an Application to Proceed in forma pauperis. Although the precise nature of the Plaintiff's claims are not entirely clear, it appears that he believes that a correctional officer is "stalking" him, and that he has been denied due process. His Complaint names, as Defendants, the Minnesota Department of Corrections ("DOC"), and Corrections Officer David Valintine ("Valintine"), and contains the following allegation:

> On October 16, 2001 I was placed on In Cell Restriction (ICR) because someone sent a [sic] anonymous kite to staff stating I had hid a radio in a laundry bag. When I tried to explain that the said laundry bag wasn't mine[,] [Valintine] told me its mine now and with the repeat history of this nature discipline will not question his write up. I was taken to due processing that same night because I was accussed [sic] of disturbing the unit. They dropped the radio charge which I was placed on ICR for in the first place.

Complaint, at 2.

Based on this single incident, the Plaintiff seeks to prevent the Defendant Valintine from having further contact with him on a daily basis, and he also seeks $4,500.00 in compensation for the mental stress he had to endure because Valintine was "stalking" him. Given these allegations, we conclude that the Plaintiff has failed to assert a cognizable violation of Federal or constitutional law

and, consequently, we recommend that his Complaint be dismissed as frivolous.

III. Discussion

A. Standard of Review. Pursuant to Congressional directive, as well as the preexisting law of this Circuit, actions which have been provisionally commenced in conjunction with an Application to proceed in forma pauperis are to be immediately reviewed -- prior to the service of the process, and prior to a decision on whether to grant in forma pauperis standing -- for possible dismissal for frivolousness, pursuant to Section 1915(e)(2)(B)(i). See, Cooper v. Wood, 111 F.3d 135, 1997 WL 177458 at *1 (8th Cir. April 15, 1997)[unpublished decision]; Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994), citing Gentile v. Missouri Dept. of Corrections, 986 F.2d 214 (8th Cir. 1993); Ross v. Social Security Admin., 949 F.2d 1021, 1022 (8th Cir. 1991).[1]

---

[1]Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("the PLRA"). It replaces Section 1915(d), which authorized the dismissal of an in forma pauperis Complaint only if it was found to be "frivolous." See, Neitzke v. Williams, 490 U.S. 317, 325 (1989) (holding that a Complaint is "frivolous" and, therefore, subject to dismissal under Section 1915(d), "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996 -- that is, the effective date of the PLRA, provides for dismissal of in forma pauperis cases not only where the Complaint is "frivolous," see, Section 1915(e)(2)(B)(I), but also where the Complaint "fails to state a claim on which relief may be granted," see, Section 1915(e)
(continued...)

When it first extended the right to proceed in forma pauperis, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because * * * poverty makes it impossible * * * to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992)[internal quotations and citations omitted]. At the same time, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. [internal quotations and citations omitted]. Therefore, Congress has instructed us to sua sponte dismiss any in forma pauperis application whose underlying complaint is frivolous.[2]

---

[1](...continued)
(2)(B)(ii). Following the enactment of Section 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, as a matter of indulgence, we address the Plaintiff's claim under the more lenient "frivolous" standard and, here, we find that the Plaintiff has failed to assert "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

[2]Section 1915(e)(2) now states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the
> (continued...)

A Complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Owens-El v. United States, 2 Fed. App. 652, 2001 WL 173655 at *1 (8th Cir. February 23, 2001). Expressed somewhat more fully, "section 1915 dismissals should be made only where it is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990); see also, Moore v. Jackson, 123 F.3d 1082, 1085 n.2 (8th Cir. 1997). In this reviewing process, pro se Complaints must be liberally construed, and a dismissal is warranted only if the face of the Complaint shows some insuperable bar to relief. See, Denton v. Hernandez, supra at 32; Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. M.D. Reed, 104 F.3d 156 (8th Cir. 1997); McCullough v. Horton, 69

---

[2](...continued)
court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal-

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

F.3d 918, 919 (8th Cir. 1995); Munz v. Parr, 758 F.2d 1254, 1258 (8th Cir. 1985). Sua sponte dismissals are disfavored. See, Porter v. Fox, 99 F.3d 271, 273 (8th Cir. 1996); Freeman v. Abdullah, 925 F.2d 266, 266 (8th Cir. 1995).

When reviewing a Complaint sua sponte under Section 1915(e)(2)(i), "the Court must assume the task of dissecting the Complaint, and of eliminating mere rhetoric and legal or factual conclusions, in order to rationally determine if there are any sound factual allegations that will constitute a claim upon which relief can be granted on a legally arguable basis." Olson v. Minnesota, 1995 WL 861007 at *1 (D. Minn. December 19, 1995), citing White v. Bloom, 621 F.2d 276 (8th Cir. 1980). In a close case, the Trial Court should permit the claim to proceed at least to the point where responsive pleadings are required. See, Neitzke v. Williams, supra at 323; Williams v. White, supra at 943.

B. Legal Analysis. With these precepts in mind, we find the Plaintiff's claim to be frivolous for two key reasons. First, in his Complaint, the Plaintiff is suing the DOC, and Valintine, although he does not specify whether Valintine is being sued in his official, or in his individual capacity. "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Comm. College, 72 F.3d 615,

619 (8th Cir. 1995). Since suits in Federal Court against State Officials, who are acting in their official capacities, and against State Agencies, are generally barred by the Eleventh Amendment, we conclude that the claim for monetary damages against the DOC, and Valintine, must be dismissed as frivolous. See, e.g., Mooney v. State of Minnesota, 149 F.3d 1187, 1998 WL 322586 at *1 (8th Cir. May 27, 1998)[table decision](upholding dismissal of Complaint, based on the Eleventh Amendment, which was brought against the Minnesota Department of Corrections, and other individuals in their official capacity).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. For over a century, the Amendment has been understood to stand for the proposition that a non-consenting State is immune from Federal Court suits by its own citizens, as well as by citizens of another State. See, Kimel v. Florida Board of Regents, 528 U.S. 62, 72 (2000); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 13 (1890)(such suits "were not contemplated by the Constitution when establishing the judicial power of the United States"). In effect, the Eleventh Amendment immunizes from suit a

"state agency or a state official * * * if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996), quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 123 n. 34 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425 (1997); Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945).

Over the years, the Supreme Court has fashioned a patchwork of exceptions to the Eleventh Amendment's limitation on Federal Court jurisdiction, as that doctrine was initially expressed in Hans. Under the doctrine of Ex parte Young, 209 U.S. 123 (1908), a Federal Court retains jurisdiction, notwithstanding the Eleventh Amendment, to direct State officials to conform their practices to the requirements of Federal law, even though such an injunction might have collateral effects upon a State Treasury.[3] See, Edelman v. Jordan, supra at 667-68; Milliken v. Bradley, 433 U.S. 267, 289 (1977). But such an exercise of jurisdiction does not extend to

[3] In Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 126 (1984), the Court held that pendent State law claims, for even prospective injunctive relief, were barred by the Eleventh Amendment and, to that extent, the doctrine in Ex parte Young was substantially narrowed.

the award of retroactive relief which requires the payment of funds from the State Treasury. See, Edelman v. Jordan, supra at 667-68. Thus, the Eleventh Amendment bars actions in Federal Court seeking monetary damages from individual State Officers, in their official capacities, as well as State Agencies, because such lawsuits are essentially "for the recovery of money from the state." Ford Motor Co. v. Department of the Treasury, supra 464; see also, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)("[N]either a State nor its officials acting in their official capacities are 'persons under §1983'" when sued for damages).[4]

Consequently, as the Plaintiff is suing the DOC -- a State Agency -- his claim for monetary damages, as it relates to the DOC, must certainly be dismissed based on the Eleventh Amendment. Moreover, as the Complaint does not specify whether the Plaintiff is suing Valintine in his official or individual capacity, we are obligated to consider his suit to be brought against Valintine in his official capacity only. As such, the Plaintiff's claim against

---

[4]Congress may abrogate a State's Eleventh Amendment immunity, if its intent to do so is "unmistakably clear in the language of the statute." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); see also, Dellmuth v. Muth, 491 U.S. 223, 228 (1989); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). It is firmly established, however, that Congress did not abrogate the States' Eleventh Amendment Immunity through enactment of the Civil Rights Act of 1871. See, Quern v. Jordan, 440 U.S. 332, 338-45 (1979).

Valintine for monetary damages must also be dismissed, on the basis of the Eleventh Amendment.

Second, even if we had jurisdiction over the Complaint -- as the Plaintiff does apparently seek an injunction in the form of preventing Valintine from having daily contact with the Plaintiff which would not be subject to dismissal on Eleventh Amendment grounds -- his Complaint must still be dismissed as it fails to state a claim upon which relief can be granted. The incident the Plaintiff cites as the basis for his claim does not raise concerns of a constitutional dimension, nor does the Plaintiff cite any violation of Federal law. Taking, as we must, the assertions of the Plaintiff as true, it appears that the Plaintiff was only placed on a restricted status -- that of "In Cell Restriction" -- for less than a day. The charge of smuggling a radio into the facility was dropped the same evening it was leveled, and he apparently did not suffer any other adverse consequences as a result of the altercation. Given the applicable law, there is no viable claim of a denial of due process.

While it remains true that the constitutional protections that are encompassed by the due process clause do not abate at the time of imprisonment, see, Hudson v. Palmer, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring), it is also true that "lawful incarceration brings about the necessary withdrawal or limitation of many

privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995), quoting Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125 (1977), quoting in turn Price v. Johnston, 334 U.S. 266, 285 (1948). Thus, as the Supreme Court has stated, for an imposed sanction to reach constitutional proportions, it must "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. Less than a day on "in-cell restriction" certainly is not an "atypical, significant deprivation." Id.; see also, Hemphill v. Delo, 124 F.3d 208, 1997 WL 581079 at *2 (8th Cir. September 22, 1997)(four days in housing unit, 30 days in disciplinary segregation, and 290 days in administrative segregation, without more, does not implicate liberty interest). Moreover, given the facts alleged, we can conceive of no other basis upon which the Plaintiff might sustain this action in Federal Court.[5] Thus, we recommend that the Plaintiff's Complaint be dismissed, as frivolous.

NOW, THEREFORE, It is --

---

[5]We do not foreclose the possibility, however, that the Plaintiff may have a claim, based on State law, for "stalking." Without a Federal basis for his Complaint, however, we have no jurisdiction over such a claim. See, Title 28 U.S.C. 1367(c)(allowing a Court to "decline to exercise supplemental jurisdiction" over a State law cause of action when the Court has dismissed the claims which were based on the Court's original jurisdiction).

RECOMMENDED:

That the Plaintiff's Complaint [Docket No. 1] be dismissed as frivolous, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(i), and that his Application to proceed in forma pauperis [Docket No. 2] be denied as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 14, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 14, 2001,** unless all interested parties stipu-

late that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.